UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MANOJ MASHATTI,                )
                               )
    Plaintiff,                 )
                               )
    v.                         )   Civil Case No. 25-1100 (RJL)
                               )
TODD M. LYONS, Acting Director, U.S. )
Immigration and Customs Enforcement, )
                               )
    Defendant.                 )

**MEMORANDUM ORDER**
April 17, 2025 [Dkt. #2]

This matter comes before the Court on plaintiff Manoj Mashatti's ("plaintiff" or "Mashatti") motion for a temporary restraining order ("TRO"). *See* Pl.'s Mot. for TRO [Dkt. #2]. Having considered the parties' briefing, the oral arguments made on the record on April 17, 2025, and the entire record, I will **GRANT** the motion for a TRO.

**I.   BACKGROUND**

Plaintiff, a citizen and national of India, obtained an F-1 student visa to pursue a master's degree in Business Analytics at the University of Texas at Dallas (the "University"). Compl. [Dkt. #1] ¶¶ 8–12. During the course of his studies at the University, plaintiff was arrested for misdemeanor driving while intoxicated. *Id.* ¶ 26. According to plaintiff, "[h]is criminal attorney entered a deferred adjudication plea, allowed him to complete certain terms, and his probation was terminated early." *Id.* ¶ 27.

Plaintiff completed his master's degree in May 2024, and he then applied for and received post-completion Optional Practical Training ("OPT"), which granted him

1

authorization to work as a full-time data engineer while maintaining his F-1 student status. *Id.* ¶¶ 29–32.

On April 2, 2025, the Designated School Official ("DSO") at the University informed plaintiff that his Student and Exchange Visitor Information System ("SEVIS") record[1] had been terminated. *Id.* ¶ 33. The letter contained the following note:

> TERMINATION REASON: OTHERWISE FAILING TO MAINTAIN STATUS – Individual identified in criminal records check and/or has had their VISA revoked. SEVIS record has been terminated.

*Id.* ¶ 34.

Plaintiff received no warning of or opportunity to respond to this termination. *Id.* ¶¶ 36–37. According to plaintiff, ICE's website states that this type of termination mandates that "the student must either apply for reinstatement, or the student and dependents must leave the United States immediately." *Id.* ¶ 35.

On April 11, 2025, plaintiff filed suit in this Court, claiming that defendant Todd Lyons, acting in his official capacity as Acting Director of Immigration and Customs Enforcement ("defendant" or "ICE"), violated the Administrative Procedure Act ("APA"). The same day, plaintiff moved for a TRO. This Court set a briefing schedule on the motion and a date for oral argument. *See* Min. Order (Apr. 14, 2025). The Court received defendant's opposition on April 16, 2025 and heard oral argument on April 17, 2025. *See* Def.'s Mem. in Opp'n to Pl.'s Mot. for TRO [Dkt. #8]; Min. Entry (Apr. 17, 2025).

---

[1] SEVIS is "an online database housing data about all F-1 students." Compl. ¶ 15. U.S. Immigration and Customs Enforcement operates the Student Exchange and Visitor Program ("SEVP"), which maintains SEVIS. *Id.* ¶ 14. Schools report information about students' start dates, course progress, and graduation dates in SEVIS, and SEVP in turn monitors SEVIS to verify that students are maintaining their status. *Id.* ¶¶ 16–17.

## II.   ANALYSIS

To obtain a TRO, the moving party must establish: "(1) a substantial likelihood of success on the merits; (2) that the moving party would suffer irreparable injury if the temporary restraining order were not granted; (3) that such an order would not substantially injure other interested parties; and (4) that such an order furthers the public interest." *Sibley v. Obama*, 810 F. Supp. 2d 309, 310 (D.D.C. 2011) (citing *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006)). The third and fourth factors merge when the Government is the opposing party. *See Nken v. Holder*, 556 U.S. 418, 435 (2009).

Here, plaintiff has met his burden to obtain a TRO. *First*, plaintiff has shown a substantial likelihood of success on the merits. Plaintiff asserts that the termination of his SEVIS record violates the APA for multiple reasons, including that the decision was arbitrary and capricious, lacked reasoned decisionmaking, and violated due process. At this early stage, the Court is inclined to agree. The termination of plaintiff's SEVIS record is likely a final agency action, as it has legal consequences—potentially severe legal consequences—for plaintiff, who can no longer work and who may have to leave the United States. There was a striking lack of notice and opportunity to be heard here, and the note purporting to explain the basis for the termination of the SEVIS record is both brief and ambiguous. Plaintiff is left wondering the reason for the termination of the SEVIS

record, the effect of the termination, and his options for correcting this alleged mistake.[2] The Court thus finds that plaintiff has shown a likelihood of success on the merits.

*Second*, plaintiff has demonstrated that he will suffer irreparable injury without a TRO. Plaintiff asserts multiple forms of irreparable harm, including that (1) he is unable to work without a work authorization; (2) the false accusation of having a criminal record harms his reputation; and (3) he is accruing unlawful presence in the United States, which "places [him] at risk of being barred from reentry in the future and jeopardizes any opportunity [he] may have to return to the U.S. for employment, education, or personal travel." Mashatti Decl. [Dkt. #2-3] ¶ 15–18. The Court finds that, at minimum, the third point establishes irreparable harm. Plaintiff argues that the termination of his SEVIS record means that he is unlawfully in the United States; during oral argument, defense counsel, curiously, was unable to explain to the Court whether plaintiff's continued presence is unlawful, and thus failed to counter plaintiff's argument. The Court therefore finds that plaintiff would suffer irreparable harm should his SEVIS record remain terminated.

*Third*, the balance of equities and public interest tip in favor of granting a TRO. Plaintiff risks deportation or accrual of unlawful presence; in contrast, ICE is not harmed by temporarily reactivating plaintiff's SEVIS record pending further review of the merits of the case. The equities thus favor a TRO.

---

[2] The Court can relate to plaintiff's confusion, as the parties take conflicting positions with respect to the effect of ICE terminating plaintiff's SEVIS record. Defense counsel's obfuscation on these points is telling and favors a TRO, as the Court is inclined to maintain the status quo pending further investigation of the merits.

4

### III. CONCLUSION

For the reasons set forth above, the Court will **GRANT** plaintiff's Motion for a Temporary Restraining Order [Dkt. #2], insofar as it is:

**ORDERED** that defendant shall return plaintiff's record in the Student and Exchange Visitor Information System ("SEVIS") to Active status; it is further

**ORDERED** that defendant may not change or otherwise modify plaintiff's record in SEVIS solely on the basis of plaintiff's arrest in October 2022 for misdemeanor driving while intoxicated and the subsequent dismissal of that charge; it is further

**ORDERED** that the parties shall submit by April 22, 2025 a proposed schedule for briefing the motion for a preliminary injunction; and it is further

**ORDERED** that the parties, in briefing the preliminary injunction, shall also brief whether jurisdiction and venue are proper in this Court or whether a different venue may be appropriate.

**SO ORDERED**.

*[signature]*
RICHARD J. LEON
United States District Judge