**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| MANOJ MASHATTI,<br><br>          Plaintiff,<br><br>     v.<br><br>TODD M. LYONS, Acting Director, U.S. Immigration and Customs Enforcement,<br><br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Case No. 25-1100 (RJL)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OPINION**
July  9ᵗʰ, 2026 [Dkt. #20, 23]

Plaintiff Manoj Mashatti, an Indian national living in the United States on a student visa, challenges the termination of his Student and Exchange Visitor Information System ("SEVIS") record by U.S. Immigration and Customs Enforcement ("ICE" or "the Government"). Before the Court are two motions: the Government's motion to dismiss for lack of subject-matter jurisdiction, and plaintiff's motion for summary judgment. For the following reasons, I will DENY the Government's motion to dismiss and GRANT plaintiff's motion for summary judgment.

**BACKGROUND**

**I.      Factual Background**

Plaintiff is a citizen and national of India who, in 2022, obtained an F-1 student visa to pursue a graduate degree in the United States at the University of Texas at Dallas.

1

Compl. [Dkt. #1] ¶¶ 8–10.[1]    Months after arriving in the United States, plaintiff was arrested for misdemeanor driving while intoxicated. *Id.* ¶ 26. The charges were ultimately dismissed pursuant to a deferred adjudication plea, and his probation was terminated early. *Id.* ¶ 27. Plaintiff has no other criminal history. *Id.* ¶ 28.

Plaintiff completed his graduate degree in May 2024. *Id.* ¶ 29. He then applied for and received authorization for post-completion practical training as a data engineer, *id.* ¶¶ 30–31, allowing him to maintain his F-1 status, *see* Def.'s Mot. to Dismiss [Dkt. #20] at 3 (citing 8 C.F.R. § 214.2(f)(5)(i)).

By virtue of his F-1 status, plaintiff received a record in SEVIS, an online database maintained by ICE's Student Exchange and Visitor Program ("SEVP") and used to maintain information on foreign students studying in the United States. Compl. ¶¶ 14–15 (citing 8 U.S.C. § 1372). Schools report information about students' start dates, course progress, and graduation dates in SEVIS, and SEVP in turn monitors SEVIS to verify that students are "maintaining their status." *Id.* ¶¶ 16–17 (citing 8 C.F.R. § 214.3(g)).

On April 2, 2025, a school official notified plaintiff that ICE had terminated his SEVIS record. *Id.* ¶¶ 33–34. Plaintiff received a letter confirming as much and providing the following explanation:

> TERMINATION REASON: OTHERWISE FAILING TO MAINTAIN STATUS –
> Individual identified in criminal records check and/or has had their VISA revoked.
> SEVIS record has been terminated.

---

[1] The basic facts of this case as stated in the complaint and the administrative record are undisputed. *See* Def.'s Mot. to Dismiss [Dkt. #20] at 4–5; Pl.'s Mot. for Summ. J. [Dkt. #23] at 2–3; Def.'s Opp'n to Mot. for Summ. J. [Dkt. #26] at 1–2.

2

*Id.* ¶ 34.  Plaintiff received no warning of the termination and no opportunity to respond. *Id.* ¶¶ 36–37.  In responding to plaintiff's lawsuit, the Government clarified that plaintiff's SEVIS record was terminated after his "information was run against criminal databases and was a verified match to a criminal history record" due to his driving-while-intoxicated arrest from October 2022, though at the time of the criminal history match, "the disposition of this charge was unknown."  Def.'s Mem. in Opp'n to Mot. for TRO, Ex. A ("First Watson Decl.") [Dkt. #8-1] ¶ 7.

## II.  This Lawsuit

On April 11, 2025, plaintiff filed suit in this Court, alleging that the Government's termination of his SEVIS record violated the Administrative Procedure Act ("APA") and the U.S. Constitution.  *See* Compl. ¶ 48.  The same day, plaintiff moved for a temporary restraining order ("TRO").  *See* Pl.'s Mot. for TRO [Dkt. #2].

Following briefing and a hearing, I issued a TRO on April 17, 2025, requiring the Government to restore plaintiff's SEVIS record and ordering the Government not to "change or otherwise modify plaintiff's record in SEVIS" for the same reasons in the future.  Mem. Order [Dkt. #10] at 5.  The Government subsequently restored plaintiff's SEVIS record.  *See* Def.'s Mot. to Dismiss, Ex. A ("Notice to Student") [Dkt. #20-1]; Def.'s Mot. to Dismiss, Ex. B ("Second Watson Decl.") [Dkt. #20-2] ¶ 5.

On April 26, 2025, the Government promulgated notice of a new policy regarding SEVIS termination.  Notice of Filing, Ex. A ("Policy Regarding Termination of Records") [Dkt. #13-1].  The policy set forth a non-exhaustive list of permissible grounds for SEVIS

3

termination, including "objective evidence that a nonimmigrant visa holder is no longer complying with the terms of their nonimmigrant status for any reason." *Id.* at 1–2.

On June 12, 2025, the Government moved to dismiss plaintiff's lawsuit for lack of subject-matter jurisdiction, arguing that the case was moot. *See* Def.'s Mot. to Dismiss ("Mot. to Dismiss") [Dkt. #20]. The Government points to the new Policy, asserting that ICE "has no plans under its new SEVIS policy to re-terminate the plaintiff(s) SEVIS record based solely on the [National Crime Information Center] record that led to its initial termination." Second Watson Decl. ¶ 6.

Plaintiff responded on June 24, 2025, *see* Pl.'s Mem. in Opp'n to Mot. to Dismiss ("Opp'n to Mot. to Dismiss") [Dkt. #22], and moved for summary judgment, *see* Pl.'s Mot. for Summ. J. ("Mot. for Summ. J.") [Dkt. #23]. The Government filed its reply on July 10, 2025. *See* Def.'s Reply in Supp. of Mot. to Dismiss ("Def.'s Reply") [Dkt. #24]. The Government filed its brief in opposition to plaintiff's motion for summary judgment on July 29, 2025. *See* Def.'s Mem. in Opp'n to Mot. for Summ. J. ("Opp'n to Mot. for Summ. J.")[Dkt. #26]. Plaintiff filed his reply in support on August 5, 2025. *See* Pl.'s Reply to Opp'n to Mot. for Summ. J. ("Pl.'s Reply") [Dkt. #27]. On March 18, 2026, plaintiff filed a notice of supplemental authority regarding two similar cases in this District. *See* Notice of Suppl. Authority [Dkt. #28]. The motions are now ripe for decision.

## LEGAL STANDARD

This Court "must dismiss a case when it lacks subject-matter jurisdiction." *Wills v. U.S. Parole Comm'n*, 882 F. Supp. 2d 60, 68 (D.D.C. 2012). "Plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Am. Farm Bureau*

4

*v. U.S. EPA*, 121 F. Supp. 2d 84, 90 (D.D.C. 2000).  When reviewing a motion to dismiss pursuant to Rule 12(b)(1), the Court "accepts as true all of the factual allegations contained in the complaint and may also consider undisputed facts evidenced in the record." *Koutny v. Martin*, 530 F. Supp. 2d 84, 87 (D.D.C. 2007) (cleaned up).

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  When a party seeks judicial review of agency action under the APA, the court decides "as a matter of law, whether the agency action is supported by the administrative record and otherwise consistent with the APA standard of review." *Franciscan St. Margaret Health v. Azar*, 407 F. Supp. 3d 28, 33 (D.D.C. 2019) (citation omitted).  The Court's review is "typically limited to the administrative record" and, therefore, the Court "need not and ought not engage in fact finding." *Kondapally v. U.S. Citizenship & Immigr. Servs.*, 557 F. Supp. 3d 10, 20 (D.D.C. 2021).

## ANALYSIS

### I.    Motion to Dismiss

The Government argues this case should be dismissed because it is moot.  The Government points to its reinstatement of plaintiff's SEVIS record and its announcement of a new policy governing SEVIS termination.  Plaintiff disagrees, invoking the voluntary cessation exception to mootness.  I agree with plaintiff that this case is *not* moot!

Federal courts may decide only "actual, ongoing controversies." *Pub. Citizen, Inc. v. FERC*, 92 F.4th 1124, 1127 (D.C. Cir. 2024) (quoting *Honig v. Doe*, 484 U.S. 305, 317 (1988)).  A case becomes moot when, because of intervening events, "the issues presented

are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)). Mootness is "standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (internal quotation marks omitted) (citation omitted); *see also Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) ("[A]n actual controversy must be extant at all stages of review." (citation omitted)).

A defendant may not, however, "'automatically moot a case' by the simple expedient of suspending its challenged conduct after it is sued." *FBI v. Fikre*, 601 U.S. 234, 241 (2024) (quoting *Already*, 568 U.S. at 91). Such voluntary cessation of challenged conduct does not moot a case unless it is "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Parents Involved in Cmty. Schs. v. Seattle Sch. Dist. No. 1*, 551 U.S. 701, 719 (2007) (quoting *Friends of the Earth*, 528 U.S. at 189). Under these circumstances, a case is moot only if (1) "there is no reasonable expectation . . . that the alleged violation will recur," and (2) "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Aref v. Lynch*, 833 F.3d 242, 251 (D.C. Cir. 2016) (alteration in original) (quoting *Am. Bar Ass'n v. FTC*, 636 F.3d 641, 648 (D.C. Cir. 2011)). As the party asserting mootness here, the Government faces a "heavy burden" to show that the challenged conduct will not recur. *Friends of the Earth*, 528 U.S. at 189 (citation omitted). Based on the record before me, the Government has not carried its burden.

6

Though the Government reinstated plaintiff's SEVIS record following my April 17 Order, the Government's actions have not made "absolutely clear" that the allegedly wrongful termination will not recur. *Id.* at 190. To be sure, "a case does not become moot simply because the defendant has complied with [an] injunction." *Florence Immigrant & Refugee Rts. Project v. U.S. Dep't of Homeland Sec.*, 812 F. Supp. 3d 1, 16–17 (D.D.C. 2025) (alteration in original) (quoting *Marshall v. Loc. Union No. 639, Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., Inc.*, 593 F.2d 1297, 1300 n.14 (D.C. Cir. 1979)). The Government also submitted a declaration of a senior official attesting that ICE "has no plans" to re-terminate plaintiff's SEVIS record "based solely on the NCIC record that led to its initial termination," Second Watson Decl. ¶ 6, but this declaration speaks only to the Government's present "plans," *id.*, and does not bar the Government from terminating plaintiff's record for some "similar" unlawful reason, *Fikre*, 601 U.S. at 242; *see also Bushireddy v. Lyons*, 2026 WL 759480, at *5–7 (D.D.C. Mar. 18, 2026) (reaching same conclusion in similar SEVIS termination case). None of these assurances bar the Government from doing "again in the future what it is alleged to have done in the past." *Fikre*, 601 U.S. at 242.[2]

---

[2] The Government relies heavily on *Moharam v. TSA*, 134 F.4th 598 (D.C. Cir. 2025), *see* Mot. to Dismiss at 9, 13–15, but that reliance is misplaced. In *Moharam*, our Circuit found that a plaintiff's challenge to his placement on the No Fly List was moot after the Government subsequently removed him from the list and assured that he would not be placed on the list again. However, the plaintiff "expressly disclaimed seeking . . . declaratory or injunctive relief" and instead sought "nothing more than" a "classic advisory opinion." *Id.* at 605 (quoting *Haaland v. Brackeen*, 599 U.S. 255, 294 (2023)). Here, plaintiff requests both *declaratory and injunctive* relief to enjoin the Government from terminating his SEVIS record for similar reasons in the future. *See* Compl. ¶¶ 55–56; Mot. for Summ. J. at 1–2. Thus, plaintiff's "requested relief is more like that requested by the plaintiff in *Fikre*, who sought 'a declaration that the Government's reliance on particular evidence' in placing him on the No Fly List was legally impermissible and 'an injunction against future consideration of such evidence.'" *Bushireddy*, 2026 WL 759480, at *7 n.6 (quoting *Moharam*, 134 F. 4th at 606). *Fikre* controls this case, not *Moharam*.

Nor does the Government's new SEVIS termination policy moot this case. *See* Policy Regarding Termination of Records. The policy affirms that SEVP "can terminate records for a variety of reasons," including for "no longer complying with the terms of . . . nonimmigrant status *for any reason*." *Id.* at 1–2 (emphasis added). But it is entirely silent on whether a criminal arrest and prosecution may lead to SEVIS termination, as happened in this case. As such, the Policy provides no "assurance that the [Government]'s contested practice has been effectively vitiated," *Porup v. CIA*, 997 F.3d 1224, 1232 (D.C. Cir. 2021), or that a revocation of plaintiff's SEVIS record for some comparable event "could not reasonably be expected to recur," *Pub. Citizen*, 92 F.4th at 1128 (quoting *Friends of the Earth*, 528 U.S. at 190); *see also Bushireddy*, 2026 WL 759480, at *6 (reaching same conclusion in similar SEVIS termination case); *Patel v. Lyons*, 2026 WL 587640, at *7–9 (D.D.C. Feb. 27, 2026) (same); *Hinge v. Lyons*, 2026 WL 787875, at *3–4 (D.D.C. Mar. 20, 2026) (same).

The Government also has not "completely and irrevocably eradicated the effects of the alleged violation." *Aref*, 833 F.3d at 251 (quoting *Am. Bar Ass'n*, 636 F.3d at 648). While the reinstatement of plaintiff's SEVIS record is "automatically retroactive to the date of termination," Notice to Student at 1, the system's "event history" will "memorialize all modifications" to plaintiff's record, including his "prior termination" and subsequent "restoration," *id.* Moreover, the Government "revoked" plaintiff's F-1 visa due to the SEVIS termination. *See* First Watson Decl. ¶ 8. And plaintiff represents that he "will be required to attend a new interview at a consulate" to fully restore his visa status. Opp'n to Mot. to Dismiss at 5; *cf. Bushireddy*, 2026 WL 759480, at *6.

8

All told, the Government has not made it "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Parents Involved*, 551 U.S. at 719 (quoting *Friends of the Earth*, 528 U.S. at 189). Nor has the Government "eradicated the effects" of the prior SEVIS termination. *Aref*, 833 F.3d at 251. Therefore, plaintiff retains "a legally cognizable interest in the outcome" of this litigation. *Already*, 568 U.S. at 91 (quoting *Murphy*, 455 U.S. at 481). Plaintiff's case is not moot.[3]

## II.    Motion for Summary Judgment

Safely assured that this case is not moot, I now proceed to plaintiff's motion for summary judgment. Plaintiff asks this Court to grant summary judgment on the basis that his SEVIS termination was arbitrary and capricious. For the reasons below, I agree and will grant summary judgment to plaintiff.

### A.    *Whether the Privacy Act precludes plaintiff's APA claim.*

At the outset, the Government argues that plaintiff's APA claim is foreclosed by the Privacy Act. Opp'n to Mot. for Summ. J. at 6. Indeed, plaintiff may pursue an APA claim only if he has "no other adequate remedy." 5 U.S.C. § 704. But the Privacy Act provides no such remedy for plaintiff. How so?

---

[3] Courts across the country have nearly unanimously rejected the Government's same mootness arguments in similar SEVIS termination cases, *see Zhou v. Lyons*, 813 F. Supp. 3d 1052 (C.D. Cal. 2025); *Vemula v. Noem*, 2025 WL 3527141 (N.D. Ill. Dec. 9, 2025); *Saxena v. Noem*, 2026 WL 84248 (D.S.D. Jan. 12, 2026); *Roe v. Noem*, 2026 WL 194636 (D. Mont. Jan. 26, 2026); *Chatwani v. Noem*, 2026 WL 458418 (N.D. Ill. Feb. 18, 2026); *Doe v. Noem*, 2026 WL 562452 (W.D. Va. Feb. 28, 2026); *Presidents' All. on Higher Educ. & Immigr. v. Noem*, 2026 WL 788185, at *10–11 (D. Mass. Mar. 20, 2026); *Doe #1 v. Noem*, 2026 WL 822264 (D.N.J. Mar. 25, 2026), including several of my colleagues in this District, *see Patel*, 2026 WL 587640, at *7–8 (Reyes, J.); *Bushireddy*, 2026 WL 759480, at *5–7 (Sooknanan, J.); *Hinge*, 2026 WL 787875, at *5 (Walton, J.).

The Privacy Act establishes record-keeping and disclosure practices for federal agencies that maintain information about private individuals within their systems of records. *See* 5 U.S.C. § 552a. The Privacy Act also authorizes civil actions against federal agencies that "fail[] to maintain any record concerning any individual with such accuracy . . . as is necessary to assure fairness in any determination relating to the qualifications, character, rights, or opportunities of, or benefits to the individual that may be made on the basis of such record." 5 U.S.C. § 552a(g)(1)(C).

Where the Privacy Act provides a cause of action, it "may preclude an APA claim." *See Bass v. Fed. Motor Carrier Safety Admin.*, 817 F. Supp. 3d 1, 12 (D.D.C. 2025). However, an "alternative remedy" will not preclude APA review if it "offers only 'doubtful and limited relief.'" *Garcia v. Vilsack*, 563 F.3d 519, 522 (D.C. Cir. 2009) (quoting *Bowen v. Massachusetts*, 487 U.S. 879, 901 (1988)). As such, where a plaintiff could not obtain the same form of relief under the Privacy Act that he could under the APA, the Privacy Act will not bar an APA claim. *See Radack v. DOJ*, 402 F. Supp. 2d 99, 104 (D.D.C. 2005); *Am. Fed'n of Lab. & Cong. of Indus. Orgs. v. Dep't of Lab.*, 778 F. Supp. 3d 56, 80–82 (D.D.C. 2025).

Here, any possibility of relief under the Privacy Act is "doubtful and limited" at best. *Garcia*, 563 F.3d at 522 (quoting *Bowen*, 487 U.S. at 901). As the Government acknowledges, the Privacy Act limits its remedies to citizens of the United States, "alien[s] lawfully admitted for permanent residence," or citizens of certain designated countries not including India. 5 U.S.C. §§ 552a(a)(2), 552a (statutory note); Opp'n to Mot. for Summ. J. at 6. Plaintiff therefore cannot sue under the Privacy Act because he is an Indian national.

10

As such, plaintiff's "ability to seek relief under the Privacy Act is not just limited, it is 'nonexistent.'" *Bushireddy*, 2026 WL 759480, at *7 (quoting *Doe v. Noem*, 781 F. Supp. 3d 1055, 1065–66 (E.D. Cal. 2025)); *see also Patel*, 2026 WL 587640, at *6 ("[T]he Privacy Act cannot afford Plaintiff any remedial mechanism, much less an adequate one.").

The Government does not dispute plaintiff's inability to seek relief under the Privacy Act. Instead, it argues that his inability to seek review under the Privacy Act also displaces his ability to bring suit under the APA. The Government cites *Liff v. Off. of Inspector Gen. for U.S. Dep't of Labor*, 881 F.3d 912 (D.C. Cir. 2018), which held that the Privacy Act provides an "adequate remedial mechanism[]" to preclude a *Bivens* action. *Id.* at 917–18, 921–24 (quoting *Schweiker v. Chilicky*, 487 U.S. 412, 423 (1988)). But *Bivens* actions implicate "unique separation-of-powers concerns" that are absent from "judicial review under the congressionally enacted APA." *Patel*, 2026 WL 587640, at *6. And in the *Bivens* context, the "mere 'existence of alternative remedies' forecloses relief even if those 'existing remedies do not provide complete relief.'" *Bushireddy*, 2026 WL 759480, at *8 (citation omitted) (quoting *Ziglar v. Abbasi*, 582 U.S. 120, 148 (2017) and *Egbert v. Boule*, 596 U.S. 482, 493 (2022)). Not so for the APA. *See Garcia*, 563 F.3d at 522. Because the Privacy Act is not the "'exclusive' source of claims or remedies for alleged mishandling of records," *All. for Retired Americans v. Bessent*, 770 F. Supp. 3d 79, 105 (D.D.C. 2025), its mere existence does not preclude plaintiff's APA claim.

11

**B.**    *Whether the SEVIS termination was final agency action.*

The Government also argues that the termination of plaintiff's SEVIS record is not final agency action and, therefore, is not reviewable under the APA.  Opp'n to Mot. for Summ. J. at 7.  I disagree.

Only "final agency action" is subject to judicial review under the APA.  5 U.S.C. § 704.  To be "final," agency action must (1) "mark the consummation of the agency's decisionmaking process" and (2) be action "by which rights or obligations have been determined, or from which legal consequences will flow."  *U.S. Army Corps of Eng'rs v. Hawkes Co.*, 578 U.S. 590, 597 (2016) (quoting *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997)).  On both fronts, the Government's termination of plaintiff's SEVIS record qualifies as final.

First, the Government's termination of plaintiff's SEVIS record "mark[ed] the consummation of the agency's decisionmaking process."  *Id.* at 597.  The termination was not "merely tentative or interlocutory."  *Id.*  And there was "no further agency action for [plaintiff] to invoke or to exhaust."  *Ipsen Biopharmaceuticals, Inc. v. Azar*, 943 F.3d 953, 958 (D.C. Cir. 2019); *see also Bushireddy*, 2026 WL 759480, at *9 (noting "there was no further agency action to come on the decision" to terminate plaintiff's SEVIS record).

Second, the termination had "legal consequences" and determined plaintiff's "rights or obligations."  *Bennett*, 520 U.S. at 178 (citation omitted).  Termination of a SEVIS record for failure to maintain status requires the foreign student "to leave the country immediately."  *Bushireddy*, 2026 WL 759480, at *9; *see also Patel*, 2026 WL 587640, at *6. Federal law makes this crystal clear.  *See* 8 U.S.C. § 1184(a)(1) (requiring that "upon

12

failure to maintain the status under which he was admitted," an "alien will depart from the United States").

The Government insists that termination of plaintiff's SEVIS record, on its own, did not automatically terminate his immigration status. *See* Opp'n to Mot. for Summ. J. at 8. Horsefeathers!  The Government's own declaration in this case states, plain as day, that plaintiff's "visa was revoked" on or around April 14, 2025.  First Watson Decl. ¶ 8.  And the Government's own website confirmed that the termination of plaintiff's SEVIS record for "otherwise failing to maintain status" meant that plaintiff was required to "leave the United States immediately."  Compl. ¶ 35 (including screenshot from ICE website); *see also Bushireddy*, 2026 WL 759480, at *9.  These are "direct and appreciable legal consequences" that subject the Government's termination decision to APA review. *Bennett*, 520 U.S. at 178.

## C.    *Whether the SEVIS termination was arbitrary and capricious.*

Having concluded that plaintiff's APA claim is amenable to judicial review, I will now address whether the Government's termination of plaintiff's SEVIS record was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. § 706(2)(A).  Based on the sparse record before me, I have "no trouble concluding" that the termination of plaintiff's SEVIS record was arbitrary and capricious. *Patel*, 2026 WL 587460, at *9; *Bushireddy*, 2026 WL 759480, at *10.

Final agency action is "arbitrary and capricious" if the agency "relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the

13

evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). While a court may not "substitute its judgment for that of the agency," it must set aside agency action where the agency fails to provide a "reasoned basis" for its action. *Id.*

It is undisputed that the Government terminated plaintiff's SEVIS record solely because plaintiff was "identified in [a] criminal records check," which the Government interpreted as a failure to maintain status. Mot. for Summ. J. at 3; Opp'n to Mot. for Summ. J. at 9; First Watson Decl. ¶ 7. As the undisputed facts here show, plaintiff was flagged during a criminal records check based on his October 2022 arrest in Texas for driving while intoxicated. Mot. for Summ. J. at 2; First Watson Decl. ¶ 7; *see also* Ex. A to Opp'n to Mot. for Summ. J. ("Admin. R. Excerpt") [Dkt. #26-1] at 1. Plaintiff was charged under Texas Penal Code § 49.04(d), which is a Class A misdemeanor punishable by a jail term "not to exceed one year." *Id.* § 12.21(2).[4] Plaintiff was never convicted, and his charge was ultimately dismissed pursuant to a deferred adjudication plea. Mot. for Summ. J. at 2.

To say the least, this is *not* "the type of 'criminal activity' that constitutes a failure to maintain status." *Bushireddy*, 2026 WL 759480, at *10 (quoting 8 C.F.R. § 214.1(g)).

---

[4] The parties' filings are inconsistent as to the class of misdemeanor with which plaintiff was charged. *See* Compl. ¶ 26 (alleging plaintiff "was arrested for a Class B misdemeanor DWI"); Mot. for Summ. J. at 2 (stating plaintiff "was arrested for a Class C misdemeanor DWI"). The administrative record reviewed by ICE states that plaintiff was charged with a Class A misdemeanor under Texas Penal Code § 49.04(d). *See* Admin. R. Excerpt; Opp'n to Mot. for Summ. J. at 9. I will therefore base my review on that version of the facts. *See Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) (APA review is "based on the full administrative record that was before the Secretary at the time he made his decision"). Ultimately, however, the SEVIS termination here cannot not be supported on *any* version of the facts.

14

Under federal regulations, a nonimmigrant's *"conviction . . .* for a *crime of violence* for which a sentence of more than one year imprisonment may be imposed . . . constitutes a failure to maintain status" under the Immigration and Nationality Act.  8 C.F.R. § 214.1(g) (emphases added).  Plaintiff was never *convicted* of anything.  *See* Admin. R. Excerpt (noting that prosecution was "DEFERRED").  And state driving-under-the-influence offenses are generally not considered "crimes of violence."  *See Leocal v. Ashcroft*, 543 U.S. 1, 3–4 (2004) (holding that Florida driving-under-the-influence offense was not a "crime of violence" under 18 U.S.C. § 16 and therefore not a deportable offense).

The Government has not provided any "satisfactory explanation" for why it terminated plaintiff's SEVIS record based on a 2022 driving-under-the-influence charge that never resulted in a conviction.  *State Farm*, 463 U.S. at 43.  Moreover, the Government identifies no other basis for concluding that plaintiff failed to maintain his immigration status.  *See* 8 U.S.C. § 214.1(d)–(f); 8 C.F.R. § 214.1(e)–(f).  Accordingly, in terminating plaintiff's SEVIS record for unauthorized reasons, the Government "relied on factors which Congress has not intended it to consider."  *State Farm*, 463 U.S. at 43.  The Government's action was "arbitrary and capricious and must be set aside."  *Bushireddy*, 2026 WL 759480, at \*11; *see also Patel*, 2026 WL 587640, at \*9.[5]  To say the least, the Government should be ashamed of itself!

---

[5] Plaintiff also asserts that his SEVIS termination was arbitrary and capricious for several other reasons, including that it was *ultra vires* action and that it violated the Due Process Clause of the Fifth Amendment. Because I conclude that the SEVIS termination was arbitrary and capricious for the simple reason that it was unsupported by federal regulation, I need not rule on plaintiff's additional grounds. *See Qassim v. Trump*, 927 F.3d 522, 530 (D.C. Cir. 2019).

## CONCLUSION

For the foregoing reasons, I will **DENY** the Government's motion to dismiss for lack of jurisdiction and **GRANT** plaintiff's motion for summary judgment. A separate order will accompany this opinion.

RICHARD J. LEON
United States District Judge

16